IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAMERON TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4793-M-BN |
| | § | |
| CHASE HOME FINANCE N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Defendant JPMorgan Chase Bank, N.A. has filed a motion to dismiss. *See* Dkt. No. 7. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the motion to dismiss should be granted.

**Background**

On December 2, 2013, Plaintiff Cameron Taylor, who is representing himself *pro se*, filed the underlying lawsuit against Defendant Chase Home Finance, N.A. in the 95th District Court of Dallas County, Texas, to stop the scheduled foreclosure of Plaintiff's residential property in Dallas, Texas. *See* Dkt. No. 1-1 at 6-14 (Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction). Plaintiff's pleading refers to "prematurely and improperly initiated [f]oreclosure proceedings," "wrongful and unlawful foreclosure,"

-1-

Defendant's failure to provide Plaintiff with a loan modification, and various sections of the Real Estate Settlement Procedures Act. *See id.*

Defendant JPMorgan Chase Bank, N.A. (successor by merger to Chase Home Finance LLC, incorrectly sued as Chase Home Finance N.A.) timely removed the case to federal court on the basis of federal question and diversity jurisdiction, *see* Dkt. No. 1, and then filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, *see* Dkt. No. 7. Defendant contends that Plaintiff asserts no viable or cognizable claim upon which relief can be granted. Plaintiff filed a response, *see* Dkt. No. 18, and Defendant filed a reply, *see* Dkt. No. 21.

The undersigned concludes that the motion to dismiss should be granted.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim

for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

It is unclear from Plaintiff's pleading which causes of action he is attempting to assert. While he clearly seeks injunctive relief to stop the foreclosure proceedings, he also refers to loan modification, cites to federal statutes and a regulation, and requests declaratory relief. *See* Dkt. No. 1-1 at 6-14. Plaintiff attempts to clarify his allegations in his response to the motion to dismiss and supporting brief, *see* Dkt. Nos. 18, 19, but for purposes of determining a Rule 12(b)(6) motion, the Court must look to the sufficiency of the allegations in the pleading alone and not those in the response or brief, *see Spivey*, 197 F.3d at 774.

I.   <u>Plaintiff's loan modification claims should be dismissed.</u>

Plaintiff alleges that Defendant was required by 12 U.S.C. § 2605(b), (i)(2), and (i)(3) and 24 C.F.R. 3500.21(d) to provide him with an opportunity to cure defaults on his loan by either entering a loan modification agreement with him or allowing him to dispose of his residence through a pre-foreclosure sale. Those statutes and that regulation outline the requirements for a mortgage servicer to give notice to a borrower regarding the transfer of servicing on a loan, and Plaintiff does not complain about the transfer of his loan. They neither impose an obligation on Defendant to modify the loan nor address sale of the property.

Plaintiff does not allege any contractual provisions requiring Defendant to modify Plaintiff's loan.

And the mere existence of loan modification programs established to help homeowners avoid foreclosure do not create a private cause of action for borrowers against lenders and mortgage servicers. *See Martinez-Bey v. Bank of America, N.A.*, No. 3:12-cv-4986-G-BH, 2013 WL 3054000, at *5 (N.D. Tex. June 18, 2013).

Similarly, Plaintiff does not allege why Defendant's permission was necessary for a pre-foreclosure sale of the property, nor, to the extent that Plaintiff is alleging that Defendant was required to accept a "short sale," does Plaintiff identify any contractual provision requiring Defendant to allow Plaintiff to sell the property for less than the outstanding value of the underlying loan and fully satisfy the loan.

Plaintiff's claims that Defendant was required to modify the loan or to accept a "short sale" should be dismissed without prejudice.

II.    <u>Plaintiff's wrongful foreclosure claim should be dismissed.</u>

Plaintiff alleges that Defendant prematurely and improperly initiated foreclosure proceedings, and he seeks "damages arising out of Plaintiff's wrongful and unlawful foreclosure." The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA*, No. 3:11-cv-972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Pollett v. Aurora Loan Servs.*, 455 F. Appx 413, 415 (5th Cir. 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.).

Here, Plaintiff fails to allege that a foreclosure sale actually occurred. Plaintiff therefore cannot state a claim for wrongful foreclosure. *See Johnson v. Wells Fargo Bank, NA*, No. 3:13-cv-1793-M, 2014 WL 717191, at *9 (N.D. Tex. Feb. 24, 2014).

To the extent that Plaintiff is attempting to sue for attempted wrongful foreclosure, the claim also fails because Texas does not recognize a claim for attempted wrongful foreclosure. *See Ayers v. Aurora Loan Servs., LLC*, 787 F.Supp.2d 451, 454 (E.D. Tex. 2011).

Plaintiff's claims for wrongful foreclosure and attempted wrongful foreclosure should be dismissed with prejudice.

III.   <u>Plaintiff's claims for declaratory and injunctive relief should be dismissed.</u>

Plaintiff seeks a declaration that "Defendants improperly and unlawfully foreclosed on Plaintiff's residence" and "that Plaintiff owns the title to his residence and has the right to possession of his residence." Dkt. No. 1-1 at 11, ¶ I. Plaintiff seeks injunctive relief preventing Defendant from foreclosing on the property. *Id.* at 8-11.

Declaratory judgment and injunctive relief are forms of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN),* 915 F.2d 167, 170-71 (5th Cir. 1990) (declaratory judgment); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief).

Because the undersigned has determined that none of Plaintiff's claims can withstand dismissal at this time, Plaintiff's requests for declaratory and injunctive relief cannot survive.

Plaintiff's claims for declaratory judgment and injunctive relief should be dismissed without prejudice.

## Recommendation

Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss [Dkt. No. 7] should be granted. Plaintiff's claims for wrongful foreclosure and attempted wrongful foreclosure should be dismissed with prejudice. Plaintiff's claim that Defendant was required to modify the loan or allow him to sell the property and his claims for

declaratory and injunctive relief should be dismissed without prejudice. The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE